Loeing-, J.,
dissenting:
In this case the only objection made to the petitioner’s recovery is that the'sales of cotton to him were made, between enemies, and are therefore absolutely void. And as the purchases were made in Confederate territory and of its citizens, the only question is whether the petitioner himself was a confederate or a loyal man at the times the sales were made.
Now, the fact is found that at the times of the sales the petitioner was an officer or agent of the Confederate government for the negotiation of its bonds, and stationed at Opelousas, in Louisiana, and had an office there; so that at the times of the sales he was an active member of the rebel organization, and personally engaged in aiding it in its resistance to the Government. In the very words of the Constitution defining treason against the United States, “he was levying war against them, and adhering to their enemies, giving them aid and comfort.” And he was in disloyal territory, stationed among and dealing with its citizens in these sales. And I think these facts necessarily fix the status of the petitioner as to loyalty or disloyalty then, wherever and whatever he might have been at any previous'time. And I know of no case in this court or in the Supreme Court that has decided that an officer of the Confederate government, active in its service, and stationed in its territory, was then and there a loyal man.
And the case shows that the petitioner was a citizen of a disloyal State, and was himself personally disloyal, and it is found as a fact that there is no evidence in the case that during the war he was ever in loyal territory till nearly four years after these sales were made, viz, January 19,1866, when he was pardoned for disloyalty in the city of New Orleans, then in the military occupation of the United States. And I do not concur in the second conclusion of law, for I think the statement of facts furnishes no presumption conflicting with the petitioner’s disloyalty. It is stated in the finding of facts that the petitioner was a resident of New Orleans before the war, which began April 19, 1861, and ordinarily a residence once shown is presumed to have continued. But that presumption is precluded here, for the voluntary residence of the petitioner in New Orleans after the war began would have been in him a c me and statute evidence of it. And a crime cannot be pre *395 sumed from a fact which is not a crime; and he who alleges a crime must prove it. '
So it is stated that the petitioner was in New Orleans January 19,1866. But that date is taken from the oath on which his pardon for disloyalty was conditioned, and, when taken in connection with his oath, as it must be, it can furnish no presumption of previous loyalty.
On the whole case, I think that the sales in question are valid in law, because the petitioner and those with whom he dealt in them were Confederates in fact and name, and all alike enemies of the United States when the sales were made in October, 1862; and I think that is the time to which the question of the validity of the sales is to be referred, and the only time material to it.